IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.,

Plaintiff,

v.

AMERICAN AIRLINES, INC.; AMERICAN
BEACON ADVISORS, INC.; FEDEX
CORPORATION; FEDERAL EXPRESS
CORPORATION; FEDEX CORPORATE
SERVICES, INC.; FEDEX CUSTOMER
INFORMATION SERVICES, INC.;
HILTON HOTELS CORPORATION;
HILTON RESERVATIONS WORLDWIDE,
LLC; HILTON HHONORS WORLDWIDE,
LLC; MARRIOTT INTERNATIONAL,
INC.; MARRIOTT WORLDWIDE
RESERVATION SERVICES, LLC;
NATIONAL RAILROAD PASSENGER
CORPORATION, DBA AMTRAK,

Defendants.

CASE NO. 2:06cw334
Jury Trial Demanded

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by

counsel, alleges as follows:

**THE PARTIES**

1       Plaintiff Katz Technology Licensing is a limited partnership organized under the

laws of the State of California, and having a principal place of business at 9220 Sunset Blvd.

#315, Los Angeles, California 90069.

2.     On information and belief, Defendant American Airlines, Inc. is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas 76155.

3.     On information and belief, Defendant American Beacon Advisors, Inc. is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 4151 Amon Carter Blvd., MD 2450, Fort Worth, Texas 76155.

4.     On information and belief, Defendant Fedex Corporation is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120

5.     On information and belief, Defendant Federal Express Corporation is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120

6.     On information and belief, Defendant FedEx Corporate Services, Inc., is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

7.     On information and belief, Defendant Fedex Customer Information Services, Inc. is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 3610 Hacks Cross Road, Memphis, Tennessee 38125.

8.     On information and belief, Defendant Hilton Hotels Corporation is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 9336 Civic Center Drive, Beverly Hills, California 90210.

9      On information and belief, Defendant Hilton Reservations Worldwide, LLC is a limited liability corporation organized under the laws of the State of Delaware, and having a principal place of business at 2050 Chennault Drive, Carrollton, Texas 75006.

10.     On information and belief, Defendant Hilton HHonors Worldwide, LLC is a limited liability corporation organized under the laws of the State of Delaware, and having a principal place of business at 9336 Civic Center Drive, Beverly Hills, California 90210.

11      On information and belief, Defendant Marriott International, Inc. is a corporation organized under the laws of the State of Delaware, and having a principal place of business at 10400 Fernwood Road, Bethesda, Maryland 20817.

12.     On information and belief, Defendant Marriott Worldwide Reservation Services, LLC is a limited liability corporation organized under the laws of the State of Delaware, and having a principal place of business at Two Executive Drive, Somerset Executive Square, Somerset, New Jersey 08873-4003.

13.     On information and belief, Defendant National Railroad Passenger Corporation is a corporation organized under the laws of the District of Columbia, and having a principal place of business at 60 Massachusetts Ave. NE, Washington, DC 20002.

## JURISDICTION AND VENUE

14      This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 *et seq.*

15.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

16      American Airlines, Inc., and American Beacon Advisors, Inc. (collectively, the "American Airlines Defendants") are each subject to this Court's personal jurisdiction because

3

they each do and have done substantial business in this judicial district, including: (i) operating infringing automated telephone call processing systems, including without limitation the American Airlines reservations and ticketing, American Airlines AAdvantage and American Beacon Funds brokerage services systems that allow their customers, including customers within this State and in this District, to perform reserving, ticketing, purchasing, ordering, verification, confirmation and funding functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, the American Airlines Defendants have designated an agent for service of process in the State of Texas.

17. FedEx Corporation, Federal Express Corporation, FedEx Corporate Services, Inc., and FedEx Customer Information Services, Inc. (collectively the "FedEx Defendants") are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district, including: (i) operating infringing automated telephone call processing systems, including without limitation the FedEx customer service and revenue service systems, that allow their customers, including customers within this State and in this District, to perform purchasing, ordering, parcel-tracking, delivering, receiving, confirmation and other functions over the telephone; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this State and in this District. In addition, the FedEx Defendants have designated an agent for service of process in the State of Texas.

18 Hilton Hotels Corporation, Hilton Reservations Worldwide, LLC and Hilton HHonors Worldwide, LLC (collectively, the "Hilton Defendants") are each subject to this Court's personal jurisdiction because they each do and have done substantial business in this

4

judicial district, including: (i) operating infringing automated telephone call processing systems, including without limitation the Hilton customer service and reservation service systems, that allow their customers, including customers within this State and in this District, to perform reserving, purchasing, rewards, verification, confirmation and other functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, the Hilton Defendants have designated an agent for service of process in the State of Texas.

19.　Marriott International, Inc., and Marriott Worldwide Reservation Services, LLC (collectively the "Marriott Defendants") are subject to this Court's personal jurisdiction because they do and have done substantial business in this judicial district, including: (i) operating infringing automated telephone call processing systems, including without limitation the Marriott customer service and reservation service systems, that allow their customers, including customers within this State and in this District, to perform reserving, purchasing, verification, rewards, confirmation and other functions over the telephone; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, Marriott International, Inc. has designated an agent for service of process in the State of Texas.

20.　National Railroad Passenger Corporation ("Amtrak") is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) operating infringing automated telephone call processing systems, including without limitation the Amtrak reservations and guest rewards service systems, that allow their customers, including customers within this State and in this District, to perform reserving,

5

purchasing, rewards, confirmation, verification and other functions over the telephone; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this State and in this District.

21.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## **BACKGROUND FACTS**

22.     Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents in suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

23.     In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

24.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

25.     Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most

6

prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

26.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call processing field, including each of the patents-in-suit.

27.     In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American Express business unit involved in this joint venture later became known as First Data.

28.     Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

29.     Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

30.     Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

31.     In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the

patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

32.    The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over 100 companies, including in some instances direct competitors of the defendants, have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, and Home Shopping Network. These licenses and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

33    Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage the defendants in licensing negotiations, but to date, none of the defendants have agreed to take a license to any of the patents-in-suit.

## THE PATENTS-IN-SUIT

34.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 ("the '968 Patent"), entitled "Statistical Analysis System For Use With Public Communication Facility," to Ronald A. Katz, sole inventor. The '968 Patent expired on December 20, 2005.

35.    On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 ("the '150 Patent"), entitled "Telephonic Interface

Control System," to Ronald A. Katz, sole inventor. The '150 Patent expired on December 20, 2005.

36.    On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 ("the '984 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor

37.    On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 ("the '252 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

38.    On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 ("the '285 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '285 Patent expired on December 20, 2005.

39.    On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 ("the '863 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '863 Patent expired on December 20, 2005.

40.    On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 ("the '156 Patent"), entitled "Telephonic-Interface Lottery System," to Ronald A. Katz, sole inventor. The '156 Patent expired on December 20, 2005.

41.    On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 ("the '551 Patent"), entitled "Telephonic-

Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '551 Patent expired on December 20, 2005.

42. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 ("the '734 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

43. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 ("the '762 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '762 Patent expired on December 20, 2005.

44. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 ("the '893 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '893 Patent expired on December 20, 2005.

45. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 ("the '120 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

46. On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 ("the '135 Patent"), entitled "Telephone-Interface Lottery System," to Ronald A. Katz, sole inventor. The '135 Patent expired on July 10, 2005.

47. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 ("the '065 Patent"), entitled "Telephonic-

Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '065 Patent expired on July 10, 2005.

48.    On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 ("the '965 Patent"), entitled "Voice-Data Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '965 Patent expired on December 20, 2005.

49.    On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 ("the '134 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '134 Patent expired on December 20, 2005.

50.    On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 ("the '703 Patent"), entitled "Telephonic-Interface Lottery System," to Ronald A. Katz, sole inventor. The '703 Patent expired on July 10, 2005.

51.    On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 ("the '223 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. The '223 Patent expired on July 10, 2005.

52.    On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 ("the '415 Patent"), entitled "Telephonic-Interface Game Control System," to Ronald A. Katz, sole inventor. The '415 Patent expired on July 10, 2005.

53.    On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 ("the '360 Patent"), entitled "Telephonic-

Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '360 Patent expired on July 10, 2005.

**COUNT I**
**(PATENT INFRINGEMENT BY AMERICAN AIRLINES, INC. AND AMERICAN BEACON ADVISORS, INC.)**

54.    Katz Technology Licensing realleges and incorporates by reference paragraphs 1-53 of this Complaint as if fully set forth herein.

55.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '551, '065, '360, '762, '863, '150, '285, '893, '984, '734, '120, '223, '965, '135, and '156 Patents.

56.    On information and belief, the American Airlines Defendants operate automated telephone systems, including without limitation the American Airlines reservations and ticketing, American Airlines AAdvantage and American Beacon Funds brokerage services systems that allow their customers to perform reserving, ticketing, purchasing, ordering, verification, confirmation and funding functions over the telephone.

57.    The American Airlines Defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 55 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the American Airlines reservations and ticketing, American Airlines AAdvantage and American Beacon Funds brokerage services systems.

58.    The American Airlines Defendants continue to infringe, contributorily infringe, and induce others to infringe the '984, '734 and '120 Patents.

12

59.     The American Airlines Defendants' infringement of the patents identified in paragraph 55 of this Complaint has been willful.

60.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the American Airlines Defendants' infringement, which will continue unless the American Airlines defendants are enjoined by this Court.

**COUNT II**
**(PATENT INFRINGEMENT BY FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX CORPORATE SERVICES, INC., AND FEDEX CUSTOMER INFORMATION SERVICES, INC.)**

61.     Katz Technology Licensing realleges and incorporates by reference paragraphs 1-60 as if fully set forth herein.

62.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '968, '551, '065, '360, '762, '863, '134, '150, '285, '893, '734, '120, '223, '965, '703 and '415 Patents.

63.     On information and belief, the FedEx Defendants operate automated telephone systems, including without limitation the FedEx customer service and revenue service systems that allow their customers to perform purchasing, ordering, parcel-tracking, delivering, receiving, confirmation and other functions over the telephone.

64.     The FedEx Defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 62 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the FedEx customer service and revenue service systems.

65.     The FedEx Defendants continue to infringe, contributorily infringe, and induce others to infringe the '734 and '120 Patents.

13

66.     The FedEx Defendants' infringement of the patents identified in paragraph 62 of this Complaint has been willful.

67.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the FedEx Defendants' infringement, which will continue unless the FedEx Defendants are enjoined by this Court.

**COUNT III**
**(PATENT INFRINGEMENT BY HILTON HOTEL CORPORATION, HILTON RESERVATIONS WORLDWIDE LLC, AND HILTON HHONORS WORLDWIDE LLC)**

68.     Katz Technology Licensing realleges and incorporates by reference paragraphs 1-67 of this Complaint as if fully set forth herein.

69.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '968, '551, '065, '360, '762, '863, '134, '150, '285, '893, '984, '252, '734, '120, '223, '703, '156 and '965 Patents.

70.     On information and belief, the Hilton Defendants operate automated telephone systems, including without limitation the Hilton customer service and reservation service systems that allow their customers to perform reserving, purchasing, rewards, verification, confirmation and other functions over the telephone.

71.     The Hilton Defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 69 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Hilton customer service and reservation service systems.

72.     The Hilton Defendants continue to infringe, contributorily infringe, and induce others to infringe the '984, '252, '734 and '120 Patents.

73.     The Hilton Defendants' infringement of the patents identified in paragraph 69 of this Complaint has been willful.

74.     Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the Hilton Defendants' infringement, which will continue unless the Hilton Defendants are enjoined by this Court.

## COUNT IV
### (PATENT INFRINGEMENT BY MARRIOTT INTERNATIONAL, INC., AND MARRIOTT WORLDWIDE RESERVATION SERVICES, LLC)

75.     Katz Technology Licensing realleges and incorporates by reference paragraphs 1-74 as if fully set forth herein.

76.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '551, '360, '762, '863, '984, '252, '156 and '965 Patents.

77.     On information and belief, the Marriott Defendants operate automated telephone systems, including without limitation the Marriott customer service, reservation service, and rewards enrollment systems that allow their customers to perform reserving, purchasing, verification, rewards, confirmation and other functions over the telephone.

78.     The Marriott Defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 76 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Marriott customer service and reservation service systems.

79.     The Marriott Defendants continue to infringe, contributorily infringe, and induce others to infringe the '984 and '252 Patents.

15

80. The Marriott Defendants' infringement of the patents identified in paragraph 76 of this Complaint has been willful.

81 Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by the Marriott Defendants' infringement, which will continue unless the Marriott Defendants are enjoined by this Court.

## COUNT V
## (PATENT INFRINGEMENT BY NATIONAL RAILROAD PASSENGER CORPORATION DBA AMTRAK)

82 Katz Technology Licensing realleges and incorporates by reference paragraphs 1-81 as if fully set forth herein.

83. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '968, '551, '065, '360, '863, '150, '285, '893, '120, '965, '703, '156 and '135 Patents.

84. On information and belief, Amtrak operates automated telephone systems, including without limitation the Amtrak reservations and guest rewards service systems that allow its customers to perform reserving, purchasing, rewards, confirmation, verification and other functions over the telephone

85. Amtrak has directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 83 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation the Amtrak reservations and guest rewards service systems.

86. Amtrak continues to infringe, contributorily infringe, and induce others to infringe the '120 Patent.

87. Amtrak's infringement of the patents identified in paragraph 83 of this Complaint has been willful.

16

88      Katz Technology Licensing has been, and continues to be, damaged and
irreparably harmed by Amtrak's infringement, which will continue unless Amtrak is enjoined by
this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Katz Technology Licensing respectfully requests the following
relief:

A.      A judgment holding the American Airline Defendants liable for infringement of
the patents identified in paragraph 55 of this Complaint;

B.      A permanent injunction against the American Airlines Defendants, their
officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and
successors in interest, and those persons in active concert or participation with them, enjoining
them from continued acts of infringement of the '984, '734 and '120 Patents;

C.      An accounting for damages resulting from the American Airlines Defendants'
infringement of the patents identified in paragraph 55 of this Complaint, together with pre-
judgment and post-judgment interest;

D.      A judgment holding that the American Airlines Defendants' infringement of the
patents identified in paragraph 55 of this Complaint is willful, and a trebling of damages
pursuant to 35 U.S.C. § 284;

E.      A judgment holding the FedEx Defendants liable for infringement of the patents
identified in paragraph 62 of this Complaint;

F.      A permanent injunction against the FedEx Defendants, their officers, agents,
servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in
interest, and those persons in active concert or participation with them, enjoining them from

continued acts of infringement of the '734 and '120 Patents;

G.     An accounting for damages resulting from the FedEx Defendants' infringement of the patents identified in paragraph 62 of this Complaint, together with pre-judgment and post-judgment interest;

H.     A judgment holding that the FedEx Defendants' infringement of the patents identified in paragraph 62 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

I.     A judgment holding the Hilton Defendants liable for infringement of the patents identified in paragraph 69 of this Complaint;

J.     A permanent injunction against the Hilton Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '252, '734 and '120 Patents;

K.     An accounting for damages resulting from the Hilton Defendants' infringement of the patents identified in paragraph 69 of this Complaint, together with pre-judgment and post-judgment interest;

L.     A judgment holding that the Hilton Defendants' infringement of the patents identified in paragraph 69 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

M.     A judgment holding the Marriott Defendants liable for infringement of the patents identified in paragraph 76 of this Complaint;

N.     A permanent injunction against the Marriott Defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in

interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984 and '252 Patents;

O.     An accounting for damages resulting from the Marriott Defendants' infringement of the patents identified in paragraph 76 of this Complaint, together with pre-judgment and post-judgment interest;

P.     A judgment holding that the Marriott Defendants' infringement of the patents identified in paragraph 76 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

Q.     A judgment holding Amtrak liable for infringement of the patents identified in paragraph 83 of this Complaint;

R.     A permanent injunction against Amtrak, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '120 Patent;

S.     An accounting for damages resulting from Amtrak's infringement of the patents identified in paragraph 83 of this Complaint, together with pre-judgment and post-judgment interest;

T.     A judgment holding that Amtrak's infringement of the patents identified in paragraph 83 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

U.     A judgment holding this Action an exceptional case, and an award to Plaintiff Katz Technology Licensing for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

V.     Such other relief as the Court deems just and equitable.

Dated: _August 21_, 2006

Respectfully submitted,

By:

Damon M. Young
Lead Attorney
State Bar No. 22176700
dmyoung64@aol.com
YOUNG PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75504-1897
Telephone:   (903) 794-1303
Facsimile:   (903) 792-5098

Of Counsel:

Stephen C. Neal
nealsc@cooley.com
Ricardo Rodriguez
rr@cooley.com
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:   (650) 843-5000
Facsimile:   (650) 857-0663

Frank V. Pietrantonio
fpietrantonio@cooley.com
Jonathan G. Graves
jgraves@cooley.com
COOLEY GODWARD LLP
One Freedom Square
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:   (703) 456-8000
Facsimile:   (703) 456-8100

Anthony M. Stiegler
astiegler@cooley.com
Kent M. Walker
kmwalker@cooley.com
John S. Kyle
jkyle@cooley.com
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6240

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Ronald A Katz Technology

Licensing, L.P. hereby demands trial by jury.

Dated: _August 21_, 2006     Respectfully submitted,

By: _____

Damon M. Young
Lead Attorney
State Bar No. 22176700
dmyoung64@aol.com
YOUNG PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897
Texarkana, TX 75504-1897
Telephone:   (903) 794-1303
Facsimile:   (903) 792-5098

Of Counsel:

Stephen C. Neal
nealsc@cooley.com
Ricardo Rodriguez
rr@cooley.com
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:   (650) 843-5000
Facsimile:   (650) 857-0663

Frank V. Pietrantonio
fpietrantonio@cooley.com
Jonathan G. Graves
jgraves@cooley.com
COOLEY GODWARD LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:   (703) 456-8000
Facsimile:   (703) 456-8100

Anthony M. Stiegler
astiegler@cooley.com
Kent M. Walker
kmwalker@cooley.com
John S. Kyle
jkyle@cooley.com
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121-1909
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6240

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*