VERNON M. WINTERS (Bar No. 130128)
vern.winters@weil.com
CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@weil.com
JILL J. HO (Bar No. 236349)
jill.ho@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

MIKE McKOOL, JR.
mmckool@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

PETER J. AYERS
payers@mckoolsmith.com
MCKOOL SMITH P.C.
300 W. Sixth Street, #1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | Case No. 07-ML-01816-B RGK (FFMx) |
| This document relates to:<br><br>Ronald A. Katz Technology Licensing L.P. v. American Airlines, Inc., et al.<br>CV 07-2196 RGK (FFMx) | **AMERICAN AIRLINES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date/Time: TBD<br>The Honorable R. Gary Klausner |

TO PLAINTIFF AND ITS COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that American Airlines, Inc. will, and hereby does, move for summary judgment in accordance with the Court's July 30, 2008 Order (DE 2534) extending the date for filing summary judgment motions.

This Motion is based upon this Notice of Motion, the accompanying memorandum in support and the statement of uncontroverted facts and conclusions of law, declarations, and exhibits filed therewith.

Dated:  August 5, 2008                    Respectfully submitted,

                                                  Mike McKool, Jr.
                                                 Peter J. Ayers
                                                 McKOOL SMITH, P.C.

                                                 Vernon M. Winters
                                                 Christopher J. Cox
                                                 Jill J. Ho
                                                 WEIL, GOTSHAL & MANGES LLP


                                    By:   */s/ Christopher J. Cox*
                                           Christopher J. Cox
                                           Attorneys for Defendant
                                           American Airlines, Inc.

AMERICAN AIRLINES, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

SV1:\297957\02\6DWL02!.DOC\14013.0122

MIKE McKOOL, JR.
mmckool@mckoolsmith.com
McKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

PETER J. AYERS
payers@mckoolsmith.com
McKOOL SMITH P.C.
300 W. Sixth Street, #1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

VERNON M. WINTERS (Bar No. 130128)
vern.winters@weil.com
CHRISTOPHER J. COX (Bar No. 151650)
chris.cox@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1175
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

ATTORNEYS FOR DEFENDANT
AMERICAN AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | Case No. 07-ML-01816-B RGK (FFMx) |
| This document relates to:<br><br>Ronald A. Katz Technology Licensing L.P. v. American Airlines, Inc., et al.<br>CV 07-2196 RGK (FFMx) | **AMERICAN AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................1

II. STATEMENT OF FACTS...........................................................................................1

    A.  Procedural History ............................................................................................1

    B.  Claim 43 of the '863 Patent ..............................................................................3

    C.  American's Accused Systems...........................................................................4

        1.  Dial-In System .......................................................................................5

        2.  Periphonics System................................................................................5

        3.  Tellme System .......................................................................................6

III. ARGUMENT ................................................................................................................6

    A.  Summary Judgment Standard ...........................................................................6

    B.  Summary Judgment is Appropriate Because RAKTL Has No Evidence that the Dropped Claims are Infringed ................................6

    C.  American is Entitled to Summary Judgment of Non-Infringement For the Period After December 21, 2005........................7

    D.  American's Periphonics System Does Not Infringe Claim 43 of the '863 Patent ............................................................................8

        1.  The Periphonics System Operates a Single "Format"...................................................................................................8

        2.  The Periphonics System Does Not include a "Record Structure" that Stores both Caller Entered Data and Operator Entered Data ............10

IV. CONCLUSION .........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) .................................................................................................. 6

*Exigent Tech. v. Atrana Solutions, Inc.*,
 442 F.3d 1301 (Fed. Cir. 2008) ................................................................................ 6

*Kearns v. Chrysler Corp.*,
 32 F.3d 1541 (Fed. Cir. 1994) .................................................................................. 7

*Novartis Corp. v. Ben Venue Labs., Inc.*,
 271 F.3d 1043 (Fed. Cir. 2001) ................................................................................ 7

*V-Formation, Inc. v. Benetton Group SpA*,
 401 F.3d 1307 (Fed. Cir. 2005) ....................................................................... 10, 11

**STATUTES**

35 U.S.C. § 112, ¶ 6 .................................................................................................... 4

## I. INTRODUCTION

Defendant American Airlines, Inc. ("American") hereby moves this Court for summary judgment in its favor. This is a patent infringement case. After many months of litigation, only **one** patent claim remains asserted against American, the others having been voluntarily dropped for lack of proof or already ruled invalid by this Court.[1] As to the remaining claims, there is no genuine issue of material fact that American does not infringe the sole remaining claim at issue. For the reasons set forth in the following Memorandum of Law, American's motion should be granted.

## II. STATEMENT OF FACTS

### A. Procedural History

Over the course of this litigation, RAKTL has gradually reduced the number of claims asserted against American in response to various Court orders. SUF 8-17. On March 20, 2008, Plaintiff Ronald A. Katz Technology Licensing L.P. ("RAKTL") served on American RAKTL's "Selected Claims Pursuant to 3-13-08 Order." SUF 16. Therein, RAKTL identified the following 11 claims that were allegedly infringed by American. SUF 17.

- U.S. Pat. No. 5,561,707 ("the '707 patent"), claim 85;
- U.S. Pat. No. 5,684,863 ("the '863 patent"), claims 43 and 98;
- U.S. Pat. No. 5,815,551 ("the '551 patent"), claims 19 and 21;
- U.S. Pat. No. 6,148,065 ("the '065 patent"), claim 13;
- U.S. Pat. No. 6,335,965 ("the '965 patent"), claim 53;
- U.S. Pat. No. 6,678,360 ("the '360 patent"), claims 14 and 86; and
- U.S. Pat. No. 5,974,120 ("the '120 patent"), claims 34 and 67.

---

[1] American does not move for summary judgment of non-infringement on claims already ruled invalid, but expressly reserves its rights to raise such arguments if the Court's finding of invalidity is not upheld on appeal.

On May 2, 2008, RAKTL served an "Infringement Report of David Lucantoni, Ph.D., to American Airlines, Inc. in Support of Ronald A. Katz Technology Licensing, L.P." on American.  SUF 18.  In that report, Dr. Lucantoni offered opinions on only a subset of the 11 claims RAKTL identified pursuant to the 3-13-08 Order.  SUF 19.  Specifically, Dr. Lucantoni opined that American infringed only the following seven claims:

- U.S. Pat. No. 5,684,863 ("the '863 patent"), claims 43 and 98;
- U.S. Pat. No. 5,815,551 ("the '551 patent"), claims 18 and 19;
- U.S. Pat. No. 5,974,120 ("the '120 patent"), claim 67;
- U.S. Pat. No. 6,148,065 ("the '065 patent"), claim 13; and
- U.S. Pat. No. 6,335,965 ("the '965 patent"), claim 53.

*Id.*  Because claim 18 of the '551 patent was not among the list of 11 claims identified pursuant to the Court's 3-13-08 Order, American moved to have this newly asserted claim stricken.  SUF 20.  This Court granted American's motion, leaving only six claims asserted against American.  SUF 21.

On June 19, 2008, this Court entered an Order Granting in Part Defendants' Joint Summary Judgment of Invalidity under Section 112 holding, *inter alia*, that the following asserted claims are invalid:  '863 patent, claim 98; '551 patent, claim 19; and '065 patent, claim 13.  SUF 23-24.  On August 4, 2008, this Court entered an Order Granting in Part Defendants' Joint Summary Judgment of Invalidity Under Sections 102 and 103 holding, *inter alia*, that the following claims are also invalid:  '965 patent, claim 53; and '120 patent, claim 67.  SUF 26-27.

Thus, only one of the originally identified 11 claims remains asserted against American, namely '863 patent, claim 43.  SUF 28.  As set forth below, American does not infringe this claim.

### B. Claim 43 of the '863 Patent

The '863 patent issued on November 4, 1997 and expired on December 20, 2005. SUF 29. Dependent claim 43, asserted against American, recites:

> 27. An analysis control system for use with a communication facility including remote terminals for individual callers, wherein said remote terminals may comprise a conventional telephone instrument including voice communication means, and digital input means in the form of an array of alphabetic numeric buttons for providing data, said analysis control system comprising:
> interface structure coupled to said communication facility to interface said remote terminals for voice and digital communication, and including means to provide caller data signals representative of data relating to said individual callers developed by said remote terminals and including means to receive called number identification signals (DNIS) automatically provided by said communication facility to identify a select one of a plurality of different called numbers associated with a select format of a plurality of different formats;
> record structure, including memory and control means, said record structure connected to receive said caller data signals from said interface structure for accessing a file and storing certain of said data developed by said remote terminals relating to certain select ones of said individual callers;
> qualification structure coupled to said record structure for qualifying access by said individual callers to said select format based on at least two forms of distinct identification including caller customer number data and at least one other distinct identification data element consisting of personal identification data provided by a respective one of said individual callers; and
> switching structure coupled to said interface structure for switching certain select ones of said individual callers at said remote terminals to any one of a plurality of live operators wherein said live operators can enter at least a portion of said caller data relating to said select ones of said individual callers through interface terminals, which is stored in said record structure.
>
> 42. An analysis control system according to claim 27, wherein said called number identification signals (DNIS) are received by one of a plurality of call distributors.
>
> 43. An analysis control system according to claim 42, wherein said plurality of call distributors are at different geographic locations.

Specifically, claim 27 includes the following claim element:

-3-

> means to receive called number identification signals (DNIS) automatically provided by said communication facility to identify a select one of a plurality of different called numbers associated with a select format of a plurality of different formats….

SUF 30.  The parties agree that this "means plus function" element is governed by 35 U.S.C. § 112, ¶ 6.  SUF 31-32.

Claim 27 of the '863 patent also includes the following claim elements:

> *record structure connected to receive said caller data signals* from said interface structure *for* accessing a file and *storing certain of said data developed by said remote terminals relating to certain select ones of said individual callers*; and
>
> switching structure coupled to said interface structure for switching certain select ones of said individual callers at said remote terminals to any one of a plurality of live operators *wherein said live operators can enter at least a portion of said caller data relating to said select ones of said individual callers through interface terminals, which is stored in said record structure*.

(emphasis added).  The first element requires the record structure to "stor[e] certain of said data developed by said remote terminals relating to certain select ones of said individual callers," i.e., caller-entered data.  The second element requires "live operators" to "enter at least a portion of said caller data relating to said select ones of said individual callers through interface terminals, *which is stored in said record structure*."  (emphasis added).  Thus, this claim requires a "record structure" that stores both caller-entered data (i.e., "data developed by said remote terminals") as well as operator-entered data (i.e., "operators can enter … data … through interface terminals").

### C. American's Accused Systems

RAKTL's infringement expert, Dr. Lucantoni, offered opinions that three different systems infringed one or more of the asserted claims: the AAdvantage Dial-In system; the Nortel/Periphonics Speech Recognition System;

-4-

and the Tellme system. SUF 34. Of particular relevance to this motion, Dr. Lucantoni opined that the Periphonics system infringed claim 43 of the '863 patent. SUF 35.

### 1. Dial-In System

American introduced its AAdvantage Dial-In interactive voice response ("IVR") system to the public in 1992. SUF 36. The primary purpose of this system was to allow American's AAdvantage members to access computerized information on their AAdvantage accounts and perform certain related transactions via a touch tone (i.e., DTMF) telephone. *Id.*

### 2. Periphonics System

In 2000, American launched a new interactive voice response system provided by Periphonics (now a part of Nortel). SUF 37. With a few exceptions discussed further below, American's new Periphonics system used speech recognition technology in lieu of the older touch-tone technology of the Dial-In system. This speech recognition technology created the opportunity for American to offer new applications that were not practical on its then existing touch tone IVR systems. SUF 39.

In particular, the Periphonics system included the following applications:

- AAdvantage Number ID;
- AAdvantage AutoUpgrade;
- Passenger Information; and
- Automated Non-Revenue Travel.

SUF 39. The main purpose of the AAdvantage Number ID application, as the name implies, is to collect the caller's American AAdvantage frequent flier account number. SUF 40. This application can be used by itself or in conjunction with the AutoUpgrade or Passenger Information applications. SUF 41. If this

application is used in conjunction with the AutoUpgrade or Passenger Information applications, then the AAdvantage Number ID application calls or branches to the one of those applications after it has collected the caller's AAdvantage number. SUF 42.

### 3. Tellme System

In March 2007, American migrated some of its existing IVR functionality to a new platform offered by Tellme (now owned by Microsoft). SUF 43.

### III. ARGUMENT

#### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  For an accused infringer such as American to satisfy its burden on summary judgment, "nothing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific ways in which accused systems did not meet the claim limitations." *Exigent Tech. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1308-09 (Fed. Cir. 2008).  For the reasons set out below, American satisfies this standard and is, therefore, entitled to summary judgment as a matter of law that it does not infringe any of the asserted claims.

#### B. Summary Judgment is Appropriate Because RAKTL Has No Evidence that the Dropped Claims are Infringed

As described above, between the time that RAKTL asserted its list of 11 asserted claims and the time it served its expert report on infringement, it realized that it had no defensible infringement theory on the following claims and discontinued asserting them against American:

-6-

- U.S. Pat. No. 5,561,707 ("the '707 patent"), claim 85;
- U.S. Pat. No. 5,815,551 ("the '551 patent"), claim 21;
- U.S. Pat. No. 6,678,360 ("the '360 patent"), claims 14 and 86; and
- U.S. Pat. No. 5,974,120 ("the '120 patent"), claim 34.

It is well-established that expert reports must set forth the factual foundation for any opinions expressed. *See Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1051 (Fed. Cir. 2001). Here, not only did Dr. Lucantoni, fail to provide any factual foundation that would support an opinion that any of the four claims listed above are infringed by American, he failed to even express such an opinion. Because RAKTL has offered no proof that these claims are infringed, American is entitled to summary judgment that it does not infringe any of the dropped claims.

### C. American is Entitled to Summary Judgment of Non-Infringement For the Period After December 21, 2005

As to the asserted claims, American is entitled to summary judgment of non-infringement for the period after December 21, 2005 and March 1, 2007. Nearly all of the claims addressed by Dr. Lucantoni, including claim 43 of the '863 patent, expired on or before December 20, 2005. SUF 44. Because there can be no infringement of an expired patent, RAKTL is not entitled to collect damages after December 20, 2005 for the alleged infringement of those claims. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of a the patent, there can be no infringement once the patent expires.").

Accordingly, after December 20, 2005, no infringement could have occurred, as a matter of law and common sense. Despite this, RAKTL's damages expert, Dr. Vellturo, included in his calculation of damages for infringement of claim 43 of the '863 patent after December 20, 2005. SUF 45. Because it is undisputed that American could not have infringed claim 43 of the '863 patent

-7-

AMERICAN AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

after it expired on December 20, 2005, American seeks summary judgment that RAKTL is not entitled to any damages beyond that date.

### D. American's Periphonics System Does Not Infringe Claim 43 of the '863 Patent

The accused Periphonics system does not infringe asserted claim 43 of the '863 patent for two fundamental reasons. First, the Periphonics system implements a single "format," as that term has been defined by this Court. Second, the Periphonics system does not include a "record structure" that stores both caller-entered data and operator-entered data.

#### 1. The Periphonics System Operates a Single "Format"

The Court has construed the term "format" to mean "a call processing flow implemented by at least one computer program that sets forth the content and sequence of steps to gather information from and convey information to callers through pre-recorded prompts and messages. Selection of, or branching to, a module or subroutine within a computer program does not constitute selection of a separate format. DE 1448, Order RE: Claim Construction at 16 ("Selection of (or branching to), a second computer program by a first computer program, that together implement a call process flow application also does not constitute selection of a separate format.").

Here, American's Periphonics system only operates a single format. The Periphonics system includes several different computer programs all running on a single Periphonics IVR platform. SUF 46-47. Those programs include: AAdvantage Number ID, which as described above, prompts callers to "tell me" or "say" their American AAdvantage frequent flier number (SUF 48); Passenger Information, which also prompts callers to speak information about themselves including their AAdvantage number (*Id.*); Auto-Upgrade, which allows American's elite AAdvantage members to request an upgrade using their AAdvantage number (*Id.*); and Non-Revenue Travel, which allows American's

employees to book their own flights without the assistance of a reservation agent (*Id.*); and a "Router" program that selects which of these programs to run based on the number dialed by the caller and the caller's initial menu selection (*Id.*).  All of these programs are part of a single "format," as that term has been defined, because these programs select or branch to each other as part of American's single customer service call flow.  SUF 49.

As recited above, the "interface structure" element of Claim 27, from which claim 43 depends, includes the following means plus function element: "means to receive called number identification signals (DNIS) automatically provided by said communication facility to identify a select one of a plurality of different called numbers associated with a select format of a plurality of different formats."  The Periphonics system does not satisfy the functional limitation because it includes only a single format, not "a plurality of formats."  SUF 50.

In the Periphonics system, the AAdvantage ID program is the first of a series of programs the caller encounters in the American customer service format.  SUF 51.  The AAdvantage ID program, as the name implies, asks the caller to speak their AAdvantage number.  SUF 52.  This program then collects the caller's AAdvantage number.  SUF 53.  In some cases, the AAdvantage ID program then selects or branches to another Periphonics program such as the Passenger Information or AutoUpgrade applications to complete the call.  SUF 54.  In either case, the AAdvantage ID program simply performs one step in the call flow, i.e., collecting AAdvantage account information.  SUF 55.  All of these programs are part of the same format and do not constitute separate formats under the Court's construction of that term.

The Periphonics system, therefore, does not "receive called number identification signals (DNIS) automatically provided by said communication facility to identify a select one of a plurality of different called numbers associated

-9-

with a select format of *a plurality of different formats*," as required by claim 43 of the '863 patent. Accordingly, American is entitled to summary judgment that the accused Periphonics system does not infringe. *See V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005).

### 2. The Periphonics System Does Not include a "Record Structure" that Stores both Caller Entered Data and Operator Entered Data

The Periphonics system also lacks another essential element of claim 43—a "record structure" that stored both caller-entered data as well as operator-entered data, as required by the claim language. Independent claim 27 recites a "record structure connected to receive said caller data signals from said interface structure for accessing a file and storing certain of said data developed by said remote terminals relating to certain select ones of said individual callers." The last element of that claim imposes an additional requirement on the claimed "record structure." Specifically, the "switching structure" element switches calls to "live operators" who "can enter at least a portion of said caller data relating to said select ones of said individual callers through interface terminals, *which is stored in said record structure*." (emphasis added). In other words, the claim requires a "record structure" that stores both caller-entered data (i.e., "certain of said data developed by said remote terminals") and operator-entered data (i.e., "a portion of said caller data relating to said select ones of said individual callers through interface terminals"). The Periphonics system includes no such "record structure."

According to RAKTL's expert, Dr. Lucantoni, the "record structure" limitation of this claim is satisfied by all of the following structure: "the Periphonics IVR; the SABRE database; and there's a Traveler database that is maintained by SABRE." SUF 56-57 (where the purported "record structure" was highlighted by Dr. Lucantoni in green). The problem with this theory is that the SABRE database is a completely different structure than the Periphonics IVR.

-10-

SUF 56 (showing two separate structures highlighted in green). In fact, the SABRE database is located at a different physical location and operated by an independent third-party, namely SABRE. SUF 58. The SABRE database stores information on flight reservations for not only American but also a number of other airlines. SUF 59.

Dr. Lucantoni's infringement theory is inconsistent with the explicit language of the claim as well as the patent's own specification. In Dr. Lucantoni's view, the data entered by the caller is stored in the Periphonics IVR in Dallas, Texas, while the operator-entered data is stored in the SABRE database in Tulsa, Oklahoma, which together purportedly comprise the claimed "record structure." SUF 60. Such a theory eviscerates the "said record structure" limitation of the "switching structure" element. The text of the claim makes clear that the data that is entered by the operator must be stored in the same "record structure" as the caller-entered data. That is why the claim uses the article "said."

Dr. Lucantoni's theory is also at odds with the patent specification. While the description of this claimed feature in the '863 specification is less than adequate, to avoid summary judgment of invalidity under §112, RAKTL successfully argued that this specification describes both forms of storage in the same structure. SUF 62 (citing '707 patent at col.7 ll.46–50 (caller-entered data stored in memory cell "C1") and (citing '707 patent at col.7 ll.46-8:6 (operator-entered data stored in same memory)). Because the Periphonics system lacks a "record structure" that stores both caller-entered data and operator-entered data, that system does not infringe claim 43 of the '863 patent and American is entitled to summary judgment. *See V-Formation*, 401 F.3d at 1312.

AMERICAN AIRLINES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## IV. CONCLUSION

For the reasons described above, American requests that the Court grant its motion for summary judgment that it does not infringe asserted claim 43 of the '863 patent.

In the alternative, American moves for summary judgment that RAKTL is not entitled to damages beyond December 20, 2005, i.e., the expiration date of the '863 patent.

Dated: August 5, 2008                    Respectfully submitted,

                                                           Mike McKool, Jr.
                                                           Peter J. Ayers
                                                           McKOOL SMITH, P.C.

                                                           Vernon M. Winters
                                                          Christopher J. Cox
                                                           Jill J. Ho
                                                          WEIL, GOTSHAL & MANGES LLP


                                            By:   */s/ Christopher J. Cox*
                                                              Christopher J. Cox
                                                              Attorneys for Defendant
                                                              American Airlines, Inc.

## PROOF OF SERVICE

I declare that I am employed with the law firm of Weil, Gotshal & Manges LLP, whose address is 201 Redwood Shores Parkway, Redwood Shores, California 94065-1175 (hereinafter "WGM"). I am not a party to the within cause, and I am over the age of eighteen years. I further declare that on August 5, I served a copy of:

**AMERICAN'S STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**BY ELECTRONIC SERVICE** by electronically mailing a true and correct copy through WGM's electronic mail system to the email address(es) set forth in the service list below.

Kent M. Walker, Esq.
Cooley Godward Kronish
4401 Eastgate Mall
San Diego, CA 92121
walkerkm@cooley.com
katz@cooley.com

Executed on August 5, 2008 at Redwood Shores, California. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

           */s/ Jill J. Ho*
           Jill J. Ho